[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10821

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BOLAJI KAZEEM OWOLABI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00360-JPB-RDC-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

A forty-eight-count indictment charged Bolaji Kazeem Owolabi with sixteen counts of wire fraud, sixteen counts of aggravated identify theft, and twelve counts of theft of government funds. *See* 18 U.S.C. §§ 641, 1028A, 1343. Owolabi pleaded guilty to one count of wire fraud and one count of aggravated identity theft. At the sentencing phase, the proper calculation of the United States Sentencing Guidelines range was in dispute. Owolabi contended that the guidelines range was 81–95 months' imprisonment. The district court arrived at a guidelines range of 132–159 months' imprisonment and imposed a middle-of-the-guidelines sentence of 144 months' imprisonment. The district court also ordered three years of supervised release and restitution of $2,063,721.

All of Owolabi's arguments on appeal attack the district court's guidelines calculation. But we need not address those arguments. Owolabi's burden on appeal is not only to prove that the district court committed an error but also to establish that any error was not harmless. *See* Fed. R. Crim. P. 52(a). In the sentencing context, that means Owolabi must establish either that (1) the district court would have imposed a lesser sentence had it agreed with Owolabi's guidelines calculation or (2) the 144-month sentence is unlawful if Owolabi's guidelines calculation is correct. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006).

Option one is off the table. The district court said that it "would have still sentenced [Owolabi] to the 144 months, even if [it] had ruled differently as to" Owolabi's guidelines arguments.

Option two is either forfeited or waived. Owolabi makes no argument in his opening brief that his 144-month sentence is procedurally or substantively unreasonable under his proposed guidelines range. He has not filed a reply brief, so the government's contention that any error was harmless has gone entirely unrebutted. Even if Owolabi tried to contest that point, he'd almost certainly lose. The district court considered 144 months' imprisonment reasonable under 18 U.S.C. § 3553(a), no matter the guidelines recommendation, because of Owolabi's repeated misconduct, the severity of the harm his offenses caused others, and the lack of remorse Owolabi displayed during his allocution. That explanation likely rendered the sentence procedurally reasonable. *See United States v. Grushko*, 50 F.4th 1, 17–18 (11th Cir. 2022). And district courts' discretion to weigh the Section 3553(a) factors makes it unlikely that we would have found this sentence substantively unreasonable. *See, e.g., United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012) (affirming 113-month upward variance).

Owolabi has failed to show that any error (if one occurred) was not harmless. The district court's judgment is **AFFIRMED**.